IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCATION SUCCESSOR BY MERGER TO CHASE MANHATTAN CORP., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACT. NO. 3:18cv953-ECM (WO) |
| U.S. DEP'T OF AGRICULTURE RURAL HOUSING SERVICE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On October 4, 2018, Plaintiff JP Morgan Chase Bank, National Association successor by merger to Chase Manhattan Corporation ("JP Morgan"), filed this Complaint in Interpleader in the Circuit Court of Russell County, Alabama. On February 8, 2001, Defendant Tawana Gibbs ("Gibbs") executed a mortgage on 47 Fallowfield Drive, Ft. Mitchell, Alabama in favor of Perimeter Mortgage Funding Corporation.[1] She also executed a second mortgage on the property in favor of Defendant United States Department of Agriculture Rural Housing Service ("USDA RHS"). Plaintiff JP Morgan foreclosed on its mortgage on May 26, 2017. As the result of the foreclosure sale, the

---

[1] This mortgage was subsequently assigned to Chase Manhattan Mortgage Corporation on June 7, 2001.

1

Defendants are potentially entitled to the surplus funds in the amount of Eleven Thousand Nine Hundred Eighty-Seven dollars and twenty-two cents ($11,987.22).[2]

On November 8, 2018, Defendant USDA RHS removed this interpleader case from the Circuit Court of Russell County, Alabama pursuant to 28 U.S.C. § 1442(a)(1) and § 1446. Now pending before the Court are the Plaintiff's motions to discharge Plaintiff and award attorney's fees (docs. 14 & 25), and the USDA RHUS' motion for entry of default judgment against Tawana Gibbs (doc. 24) filed on January 2, 2020.

## II. JURISDICTION and VENUE

This Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1442(a) and 28 U.S.C. § 1346. Personal jurisdiction and venue are uncontested.

## III. FACTS

On February 8, 2001, Defendant Gibbs executed a mortgage in the amount of $20,000 on a parcel of real property in Ft. Mitchell, Alabama, in favor of Perimeter Mortgage Funding Corporation. (Doc. 1, Ex. B). On the same day, Gibbs executed a second mortgage in the amount of $57,500 on the property in the favor Defendant USDA RHS. (Doc. 1, Ex. C). On June 7, 2001, Perimeter Mortgage Funding assigned Gibbs' first mortgage to Plaintiff Chase Manhattan Mortgage Corporation.

On May 26, 2017, Chase Manhattan foreclosed on the property, and sold the property for $38,000.00. After the foreclosure sale, there was an excess balance of Eleven

---

[2] The Plaintiff interpleaded Eleven Thousand Nine Hundred Eighty-Seven dollars and thirteen cents ($11,987.13) into the registry of the Circuit Court of Russell County. When the funds were interpleaded into this Court, the amount of the funds was Eleven Thousand Nine Hundred Eighty-Seven dollars and twenty-two cents ($11,987.22).

2

Thousand Nine Hundred Eighty-Seven dollars and thirteen cents ($11,987.13) that was interpleaded into the registry of the Circuit Court of Russell County.

## IV. DISCUSSION

***A. Motion to Discharge***. The Plaintiff deposited into the registry of the Court Eleven Thousand Nine Hundred Eighty-Seven dollars and twenty-two cents ($11,987.22) (doc.13) which constitute the surplus funds from the foreclosure sale. JP Morgan now moves for discharge and an award of attorney's fees. (Docs. 14 & 25).

> Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner. A successful interpleader suit results in the entry of discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied.

*In re Mandalay Shores Co-op, Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). *See also, Prudential Life Ins. Co. of Am. v. Hearndon*, 2019 WL 5592470, *1 (M.D. Fla. 2019); *Life Ins. Co. of N. Am. v. Williams*, 2015 WL 10961833, *2 (N.D. Ga. 2015).

An interpleader action proceeds in two stages. First, the Court must determine "whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." *Unum Life Ins. Co. of Am. v. Smith*, 2018 WL 1977257, * 2 (M.D. Ala. 2018).

The Court concludes that interpleader is proper because there are two potential claimants to the surplus funds: defendant Gibbs and defendant USDA RHS. At this

juncture, the Plaintiff has interpleaded the funds into the Court's registry and has satisfied its obligations with respect to the surplus funds. Moreover, the USDA RHS does not oppose the Plaintiff's discharge. (Doc. 17). Accordingly, the Court will grant the Plaintiff's motions to discharge.

Prior to turning to the second stage to determine which defendant is entitled to the surplus funds, the Court will resolve the Plaintiff's request for attorney's fees. The Plaintiff seeks an award of attorney's fees in the amount of $3,623.29. "A district court has the discretionary authority to award attorney's fees and costs to a plaintiff in an interpleader action." *Americo Fin. Life & Annuity Ins. Co. v. Bonner*, 2006 WL 8434116, *3 (N.D. Ga. 2006). In this Circuit, an award of attorney's fees is not warranted "when a stakeholder's interpleader action arises out of the normal course of business." *In re Mandalay Shores Co-op*, 21 F.3d at 383. *See also Unum Life Ins. Co*., 2018 WL 1977257 at *4 ("the Court has discretion in whether to award attorney's fees <u>particularly</u> with respect to cases where the stakeholder is a bank or insurance company.") (emphasis in original). For banks and insurance companies, interpleader actions "arise with some modicum of regularity." *In re Mandalay Shores Co-op*, 21 F.3d at 383. Because this interpleader action arises out of a defaulted mortgage, JP Morgan reasonably could have expected that costs might be incurred in the servicing of the mortgage. The Court concludes that because servicing mortgages, and in particular defaulting mortgages, are part of the ordinary and normal course of business for a bank, the award of attorney's fees in this case is not appropriate.

**B. *Default Judgment*.** The Court now turns to the second stage of the analysis to "evaluate[] the respective rights of the claimants to the interpleaded funds." *Unum Life*

*Ins. Co.*, 2018 WL 1977257 at *2. *See also Prudential Ins. Co. of Am.*, 2019 WL 5592470 at *1. The USDA RHS asserts that it is entitled to a default judgment against defendant Gibbs and claims entitlement to the entire amount of the interpleaded funds in this case.

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment. When a defendant "has failed to plead or otherwise defend," and the failure is demonstrated, the clerk must enter the defendant's default. FED. R. CIV. P. 55(a). The Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . .." (*Id.*). After entry of default, a "party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

Once a default has been entered, "[t]he defendant, by h[er] default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu v. Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A district court need not hold a hearing to determine damages when "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005). "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).

Moreover, an interpleader defendant may seek a default judgment against an interpleader co-defendant who has failed to respond to a complaint in interpleader. *See Gulf Coast Galvanizing, Inc. v. Steel Sales, Co., Inc.*, 826 F.Supp. 197, 201 (S.D. Miss. 1993); *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F.Supp.2d 220, 226 (D. R.I.

5

2006). And, "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F.Supp.2d at 226.

JP Morgan interpleaded the sum of Eleven Thousand Nine Hundred Eighty-Seven dollars and twenty-two cents ($11,987.22) into the registry of this Court. (Doc. 13). The Plaintiff served Defendant Gibbs on October 12, 2018. (Doc. 20). To date, Defendant Gibbs has failed to appear, answer, or otherwise defend this action. On December 11, 2019, the Clerk filed the Entry of Default against Defendant Gibbs as required by Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 23). The USDA RHS seeks a default judgment against Defendant Gibbs (doc. 24) and seeks an award of the surplus funds interpleaded in this case.

In support of its motion for default judgment, in addition to the allegations in the complaint and contained in the state court record, the USDA RHS submits an affidavit of Stephen D. Wadsworth, an Assistant United States Attorney for the Middle District of Alabama. In this affidavit, Wadsworth attests that Defendant Gibbs has failed to appear, answer, or otherwise defend this action; that Gibbs is not a minor or incompetent; and that the USDA RHS is entitled to the full amount interpleaded in this matter. JP Morgan's allegations in the complaint and the attached documentations provide a sufficient basis for the Court to enter default judgment against Gibbs. By failing to assert a claim, Gibbs has forfeited any claim to the interpleaded funds, and the USDA RHS is entitled to default judgment in its favor. The motion for default judgment, is therefore, due to be granted.

The USDA RHS, as the sole remaining non-defaulting defendant, is entitled to an award of the surplus funds. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.")

## V.  CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED as follows that:

1. JP Morgan's motions to discharge Plaintiff (docs. 14 & 25) are GRANTED. JP Morgan is DISCHARGED from this case and dismissed with prejudice.

2. JP Morgan's motions for an award of attorney's fees (docs. 14 & 25) are DENIED.

3. the USDA RHS's motion for entry of default judgment against Tawana Gibbs (doc. 24) is GRANTED and the Clerk of the Court is DIRECTED to enter default judgment against defendant Gibbs on JP Morgan's interpleader complaint.

4. the Clerk of the Court, without further notice, is DIRECTED and AUTHORIZED to draw a check on the funds on deposit in the Commercial Registry Account and DISBURSE just compensation, in the principal sum of Eleven Thousand Nine Hundred Eighty-Seven dollars and twenty-two cents ($11,987.22), plus 90% of accrued interest, in a check payable to the United States Treasury.  Said check should be mailed to Stephen D. Wadsworth, Assistant United States Attorney, at P.O. Box 197, Montgomery, Alabama 36101.  The balance of 10% of accrued interest shall be paid to the U.S. Treasury as a handling fee pursuant to 28 U.S.C. § 1914(b) and FRDOC91-26415 reported at 56

Fed. Reg. 56356 and directions received from the Administrative Office of the U.S. Courts on February 7, 1992. It is further

ORDERED that upon disbursement of the interpleader funds, final judgment will be entered.

DONE this 24th day of January, 2020.

                                        /s/ Emily C. Marks
                                   EMILY C. MARKS
                                   CHIEF UNITED STATES DISTRICT JUDGE